J-S41031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JERMAINE SANDERS | : | |
| | : | |
| Appellant | : | No. 19 MDA 2017 |

Appeal from the Judgment of Sentence December 29, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0002003-2015

BEFORE:   GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED JULY 06, 2017**

Appellant, Jermaine Sanders, appeals from the judgment of sentence entered in the York County Court of Common Pleas, following his jury trial conviction of fleeing or attempting to elude a police officer.[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. York County police observed Appellant driving at a high rate of speed on March 15, 2015.  As a result, police activated their lights and sirens and attempted to pull over and stop Appellant.  Police pursued Appellant for several miles and for ten to fifteen minutes until Appellant finally stopped.

---

[1] 75 Pa.C.S.A. § 3733(a).

---

*Retired Senior Judge assigned to the Superior Court.

Police arrested Appellant, and the Commonwealth charged Appellant with fleeing or attempting to elude a police officer, possession of a small amount of marijuana, and driving without a driver's license.

Appellant proceeded to a jury trial on November 16, 2015. At trial, police officer Christopher Roosen testified that he was on routine patrol in York County on March 15, 2015, at or around 4:00 a.m. when he received a report that Appellant was driving erratically in a silver Honda. While officer Roosen was traveling toward Appellant's reported location, Appellant drove past officer Roosen at a rate of speed fast enough to shake his patrol car side to side. Officer Roosen followed Appellant down a narrow alley and activated his lights and sirens. Appellant responded to the lights and sirens by accelerating down the alley, kicking up dirt and debris at officer Roosen's patrol car. Appellant then drove off-road, forcing officer Roosen to re-route to the nearest street. Officer Roosen caught up with Appellant and continued the pursuit. Officer Roosen said he pursued Appellant throughout the urban district of York for several miles and for approximately ten to fifteen minutes. Appellant slowed down when he blew out two tires while making a sharp turn, but he did not stop. Appellant eventually pulled over several minutes later in front of his house. Officer Roosen arrested Appellant and advised him of his **Miranda** rights.[2] Officer Roosen testified

---

[2] **Miranda v. Arizona**, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

that he asked Appellant why he did not stop, and Appellant responded, "his life wasn't going right and that he had hoped that he had died." (N.T. Trial, 11/16/15, at 113). A camera inside the patrol car recorded this conversation, which was played for the jury. Additionally, the Commonwealth presented video footage from officer Roosen's dashboard camera, which captured the pursuit. Officer Roosen narrated the video and gave a detailed account of the pursuit.

Next, police officer Alex Sable testified that on March 15, 2015, he received a radio call about an erratic driver and initially observed Appellant driving at approximately 60 miles per hour. Officer Sable lost visual contact of Appellant for several minutes but eventually caught up with officer Roosen and Appellant. Officer Sable observed Appellant driving erratically with two flat tires while police were in pursuit.

On November 17, 2015, a jury convicted Appellant of fleeing or attempting to elude a police officer. The Commonwealth withdrew the marijuana charge, and the court found Appellant not guilty of driving without a license. With the benefit of a pre-sentence investigative report, the court sentenced Appellant on December 29, 2015, to a term of nine (9) to twenty three (23) months' incarceration, plus costs and fines. Appellant timely filed post-sentence motions on January 7, 2016, in which he asked the court to reconsider his sentence and challenged the weight of the evidence. The court granted Appellant's motion in part on April 21, 2016, and re-sentenced

Appellant to a term of six (6) to twenty three (23) months' imprisonment, plus costs and fines, but denied Appellant's request for a new trial.

Appellant timely filed a notice of appeal on May 18, 2016. This Court dismissed Appellant's appeal on December 7, 2016, for failure to file a brief. On December 12, 2016, Appellant filed a petition to reinstate his direct appeal rights *nunc pro tunc*, which the court granted on December 13, 2016. Appellant timely filed a notice of appeal *nunc pro tunc* on December 30, 2016. On January 5, 2017, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). Appellate counsel filed a Rule 1925(c)(4) statement of intent to file an **Anders**[3] brief on January 26, 2017. On March 21, 2017, appellate counsel filed an **Anders** brief and petition to withdraw representation. Appellant responded *pro se* to counsel's request to withdraw in a letter dated April 24, 2017, and on May 5, 2017.

As a preliminary matter, counsel seeks to withdraw representation pursuant to **Anders v. California,** 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago,** 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a

---

[3] **Anders v. California,** 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. ***Santiago, supra*** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super. 2007). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super. 2006).

In ***Santiago, supra***, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither ***Anders*** nor ***McClendon***[4] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under ***Anders*** are references to anything in the record that might arguably support the appeal.
>
> \* \* \*
>
> Under ***Anders***, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

---

4 ***Commonwealth v. McClendon***, 495 Pa. 467, 434 A.2d 1185 (1981).

*Santiago, supra* at 176, 177, 978 A.2d at 359, 359-60. Thus, the Court held:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-79, 978 A.2d at 361.

Instantly, appellate counsel filed a petition to withdraw. The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. (*See* Letter to Appellant, dated March 21, 2017, attached to Petition to Withdraw as Counsel). In the *Anders* brief, counsel provides a summary of the facts and procedural history of the case. Counsel's argument refers to relevant law that might arguably support Appellant's issues. Counsel further states the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the requirements of *Anders* and *Santiago*.

Counsel raises the following issue on Appellant's behalf:

> WHETHER THERE WAS INSUFFICIENT EVIDENCE TO CONVICT APPELLANT BEYOND A REASONABLE DOUBT OF

FLEEING OR ATTEMPTING TO ELUDE A POLICE OFFICER?

(**Anders** Brief at 4).[5]

When examining a challenge to the sufficiency of evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually

---

[5] In Appellant's *pro se* responses to counsel's petition to withdraw, Appellant claims his constitutional rights were violated because he received a surprise trial date and was unable to call witnesses to testify on his behalf. The record belies Appellant's contentions. As jury selection was about to begin, trial counsel stated that Appellant would like to ask for a continuance. Appellant then asked the court for a continuance in order to subpoena his therapist and other people to testify at trial on his behalf. Counsel stated she had several pre-trial conversations with Appellant and asked him if he had any witnesses he wanted to subpoena for trial, but Appellant did not provide counsel with any names and/or information. The court asked Appellant directly to explain how his newly identified witnesses could offer relevant evidence in his case. Appellant said the witnesses could testify that he was trying to get the cops to kill him. Because the witnesses were not present during the event, Appellant failed to explain how the proffered witnesses' testimony was relevant to his state of mind at the time of the offense. Appellant also raises two other claims unrelated to his judgment of sentence. Therefore, we give Appellant's *pro se* claims no further attention.

received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Hansley**, 24 A.3d 410, 416 (Pa.Super. 2011), *appeal denied*, 613 Pa. 642, 32 A.3d 1275 (2011) (quoting **Commonwealth v. Jones**, 874 A.2d 108, 120-21 (Pa.Super. 2005)).

The Motor Vehicle Code defines the offense of fleeing or attempting to elude police as follows:

### § 3733. Fleeing or attempting to elude police officer

**(a)  Offense defined.—**Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop, commits an offense as graded in subsection (a.2).

\*    \*    \*

75 Pa.C.S.A. § 3733(a).  "The statute is clear and unambiguous on its face as to the elements necessary to trigger its violation: an operator's 'willful' failure to bring his…vehicle to a stop in the face of an audibly or visually identifiable police officer's signal to do so." **Commonwealth v. Scattone**, 672 A.2d 345, 347 (Pa.Super. 1996).

Instantly, officer Roosen testified that he followed Appellant into a narrow alley and activated his lights and sirens.  Instead of pulling over, Appellant accelerated down the alley and began driving off-road.  Officer Roosen pursued Appellant throughout the urban district of York for several

miles and for approximately ten to fifteen minutes. Appellant eventually slowed down, because he blew out two tires, but continued driving for several minutes until finally stopping. Officer Roosen said he asked Appellant why he did not stop and Appellant explained, "his life wasn't going right and that he had hoped that he had died." (*See* N.T. Trial at 113.) The Commonwealth presented a recording of Appellant's statement to the jury. Additionally, the Commonwealth presented video footage of the pursuit, captured by officer Roosen's dashboard video camera. Officer Roosen narrated the video and gave a detailed account of the pursuit. Next, officer Sable testified that he witnessed Appellant drive erratically with two flat tires while officer Roosen was in pursuit. Under these circumstances, the evidence was sufficient to support Appellant's conviction of fleeing or attempting to elude a police officer. Following our independent review of the record, we conclude the appeal is frivolous. *See Palm, supra*. Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2017

- 9 -