J-S44022-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ZIYAD KHALED AL-SAUD | : | |
| | : | |
| Appellant | : | No. 110 WDA 2019 |

Appeal from the Judgment of Sentence Entered November 19, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0006504-2018

BEFORE:  SHOGAN, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    FILED DECEMBER 10, 2019

Ziyad Khaled Al-Saud appeals from the judgment of sentence imposed following his conviction for fleeing or attempting to elude a police officer, careless driving, turning movements and required signals, and stop signs and yield signs.[1] We affirm.

The Commonwealth presented the following evidence at trial. Officer Corey Peterson testified that on April 17, 2018, at around 9 p.m., he observed Al-Saud's vehicle stopped at a green light in the middle of an intersection for approximately three to four seconds. N.T., Trial, 11/19/18, at 8, 10. Officer Peterson said he pulled his vehicle behind Al-Saud's vehicle and as Al-Saud "continued to take a U-turn, a left hand turn passing me, [he] made eye contact" with the officer. Id. at 10-11. Officer Peterson recognized Al-Saud

_____

[1] 75 Pa.C.S.A. §§ 3733(a), 3714(a), 3334, and 3323(b), respectively.

from prior interactions with him. Id. at 15. Officer Peterson made a U-turn and activated his lights and sirens. Id. at 11. After Officer Peterson activated his lights and siren, "[Al-Saud] continued to accelerate, gain momentum, and take off on me." Id. at 12. The speed limit in the area was 25 m.p.h. and Officer Peterson did not go above 35 m.p.h. while following behind Al-Saud. Id. at 12-13. He testified that based on his training and experience, Al-Saud was traveling faster than 35 m.p.h. Id. at 13. Officer Peterson stopped pursuing Al-Saud when Al-Saud "went through a stop sign" because "[d]ue to the residential area and our no-pursuit policy and the fact that I positively identified him, there was no need to pursue any longer." Id. at 13, 14. By the time he stopped following Al-Saud's vehicle, his lights and sirens had been on for approximately one block and Officer Peterson had remained behind Al-Saud's vehicle the entire time. Id. at 14.

Officer Peterson relayed to his fellow officers in the area what had happened and they advised him that Al-Saud was seen walking into a mosque. Id. Officer Peterson arrived at the mosque approximately five minutes after his initial contact with Al-Saud and observed Al-Saud's vehicle outside of the mosque. Id. at 14-15, 16. The vehicle "was about three to four feet off the curb, and it wasn't parked straight." Id. at 15. Officer Peterson testified that it was the same vehicle that he observed earlier. Id. at 16. Al-Saud admitted to Officer Peterson that the vehicle outside the mosque was his. Id.

The defense presented testimony from Sayed Abouabdalla who is a religious leader of the mosque. Id. at 26. On the day of the incident, he testified that Al-Saud was inside the mosque for prayer. Id. at 28.

The trial court found Al-Saud guilty of the above-referenced offenses. It sentenced him to 18 months reporting probation for the fleeing conviction and imposed no further penalty for the remaining convictions. Al-Saud filed a post-sentence motion that the trial court denied. This timely appeal followed.

Al-Saud asks us to review the following issue:

> Was the evidence insufficient as a matter of law to convict Mr. Al-Saud of fleeing or attempting to elude a police officer, where the Commonwealth failed to prove beyond a reasonable doubt that Mr. Al-Saud knew he was being signaled to pull over and willfully failed or refused to do so?

Al-Saud's Br. at 5.

Our standard of review for a claim challenging the sufficiency of the evidence is de novo while our scope of review "is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner." Commonwealth v. Rushing, 99 A.3d 416, 420-421 (Pa. 2014).

The crime of fleeing or attempting to elude an officer occurs where "[a]ny driver of a motor vehicle . . . willfully fails or refuses to bring his vehicle to a stop, or . . . otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop." 75 Pa.C.S.A. § 3733(a). "The statute is clear and unambiguous on its face as to

the elements necessary to trigger its violation: an operator's 'willful' failure to bring his . . . vehicle to a stop in the face of an audibly or visually identifiable police officer's signal to do so." Commonwealth v. Scattone, 672 A.2d 345, 347 (Pa.Super. 1996). Willfulness is evidenced "if a person acts knowingly with respect to the material elements of the offense[.]" 18 Pa.C.S.A. § 302(g). "A person acts knowingly where . . . he is aware that his conduct is of that nature or that such circumstances exist[.]" Id. at § 302(b)(2)(i).

Here, Al-Saud claims that the evidence is insufficient because the Commonwealth did not prove beyond a reasonable doubt that he knew "he was being signaled to pull over and willfully failed or refused to bring his vehicle to do so." Al-Saud's Br. at 11. He argues "[g]iven that [Officer] Peterson deactivated his lights and siren rather immediately after the 'pursuit' began, a reasonable interpretation of the evidence is that Mr. Al-Saud did not have enough time to realize that he was, in fact, being signaled by [Officer] Peterson to pull over." Id. at 18. Thus, Al-Saud argues that because the evidence was equally probative of non-criminal conduct, the evidence was insufficient.

Al-Saud's argument ignores our standard of review, which requires us to view the evidence in the light most favorable to the Commonwealth. We conclude that the evidence belies Al-Saud's argument.

Officer Peterson testified that he followed behind Al-Saud with his lights and sirens activated for approximately one block around 9 o'clock at night.

During that time, Al-Saud "continued to accelerate, gain momentum, and take off." N.T. at 12. Additionally, when Officer Peterson activated his lights and sirens, Al-Saud began to accelerate at least ten miles above the speed limit. Given the time of the incident and Al-Saud's actions after Officer Peterson activated his lights and sirens, we conclude that there was no evidence of equally non-criminal conduct such that the evidence would be insufficient. Viewing the facts in the light most favorable to the Commonwealth, the evidence was sufficient to establish that Al-Saud willfully failed to stop for at least one block after an audible and visual signal was given by Officer Peterson. See Commonwealth v. Stultz, 114 A.3d 865, 884 (Pa.Super. 2015) (concluding upon PCRA[2] review that officer "had probable cause to arrest [Stultz] for fleeing when [Stultz] failed to pull over immediately after the officer activated his lights and sirens [allegedly for 41 seconds], and [Stultz] instead traveled at a high rate of speed and ran through a stop sign.").

Judgment of sentence affirmed.

_____

[2] Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/10/2019