672 A.2d 345

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**James SCATTONE, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1995.

Filed Feb. 28, 1996.

534

Craig A. Sopin, Philadelphia, for appellant.

Alan M. Rubenstein, District Attorney, Doylestown, for Commonwealth, appellee.

Before BECK, POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge:

The appellant, James Scattone, appeals the judgment of sentence ($200 fine and cost of prosecution) for Fleeing or Attempting to Elude a Police Officer. We affirm.

A trial was held in which the court found the following facts: On April 11, 1992, Officer James Boettger of the Doylestown Township Police Department was on routine patrol in the area of Route 202 and Lamp Post Road. At approximately 1:45 a.m., the officer observed a stopped vehicle some fifty yards west of the intersection. As he approached the vehicle, a woman standing along side the car motioned for the officer to stop. As a result of a conversation with the woman, Officer Boettger turned his car around and pulled in behind the stopped vehicle. The officer described the vehicle as an older blue Ford Mustang with a Pennsylvania license plate number ZNT–151. The officer also observed a person sitting in the driver's seat of the Mustang, whom he later identified as the Defendant. Once the officer pulled his patrol car behind the Mustang, he heard the driver trying to start the car. The car started and pulled out onto the road. Officer Boettger activated the overhead emergency lights, and the outside spotlight of his patrol car. He also activated the siren intermittently. This

was done in an attempt to perform a traffic stop of the Mustang. The officer radioed for assistance and was joined in the chase by three other patrol cars. The four police vehicles pursued the Mustang for approximately three miles with emergency lights activated the entire time. At some point in the chase Officer Boettger determined that he could identify the driver based upon the information already obtained and, therefore, ended the pursuit. A ticket was sent to Defendant through the mail to an address obtained via a PennDOT search of the license plate number.

The citation mailed to the appellant was followed by a conviction after a hearing before a district justice. With the appellant's appeal, a trial *de novo* was conducted and resulted in the appellant being ordered to pay a fine and costs. This appeal followed and raises the issue of whether the trial court erred in convicting the appellant of violating Section 3733(a) of the Motor Vehicle Code where the prosecution failed to present any evidence of probable cause for pursuing or attempting to stop the appellant's vehicle.

The statute under review provides that:

> Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle, when given visual or audible signal to bring the vehicle to a stop, commits a misdemeanor of the second degree.

Amended December 27, 1994, P.L. 1337, No. 154, § 3; 75 Pa.C.S.A. § 3733(a) (Supp.1995–96). The only defense listed by the Legislature to a charge of violating Section 3733(a) is if "the pursuing police vehicle was not clearly identifiable by its markings or, if marked, was not occupied by a police officer who was in uniform and displaying a badge or other sign of authority." *Id.* at § 3733(c).

The appellant espouses a position, which has yet to be addressed in this Commonwealth, that the police must prove that probable cause existed in advance of initiating or maintaining pursuit of a vehicle before an accused can be convicted

of violating Section 3733(a) by failing to bring his/her vehicle to a stop when signaled to do so by police.

In support of his argument, the appellant points to 75 Pa.C.S.A. § 6308(b) as proof of the probable cause required as a condition precedent to validating police pursuit and a citizen's violating of Section 3733(a) for fleeing or attempting to elude police.[1] We disagree.

Section 6308(b) deals with *a vehicle stop by police* and the ensuing seizure of incriminating evidence therefrom, with the resultant query as to the suppressibility of the evidence seized where articulable or reasonable grounds to suspect a violation of the Motor Vehicle Code need be present as a *sine quo non* to legitimizing the conduct of the police and the evidence obtained.

At bar, we had no police stop of the appellant or evidence seized which is sought to be suppressed. Rather, it is the citation of the appellant which is sought to be labelled tainted as originating from a polluted source—no probable cause or articulable suspicion of criminal activity to justify the police's pursuit.

Generally, it is not a crime (*malum in se*) to operate a vehicle and refuse to stop when directed to do so. However, the act of avoiding *police* direction to stop has been criminalized (*malum in prohibitum*) by the Legislature without the additional condition that the police have probable cause to act prior to directing a stop or initiating a chase. Contrast 75 Pa.C.S.A. § 3731 (Police may arrest without warrant, even though they do not witness a DUI violation, where probable cause to believe a crime has been committed exists).

1. Section 6308(b) reads: "Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has articulable and reasonable grounds to suspect a violation of this title, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number of engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title." 75 Pa.C.S.A. § 6308(b).

Here, after the appellant was observed in the early morning hours stopped along a stretch of road in Doylestown, Bucks County, the police were signaled by a female to stop. When the police officer parked behind the stopped vehicle, the driver left the scene and embarked on an evasion of police (four police vehicles were engaged in the pursuit lasting five minutes over a two-three-mile distance) with lights and sirens activated. The police decided to terminate the chase once they had identified the appellant as the operator of the fleeing vehicle. Citation through the mail followed and ultimate conviction led to the present appeal.

▰▰▰ Consistent with the Statutory Construction Act, i.e., giving effect to a statute as a whole and that the Legislature would not seek an absurd result by enacting legislation,[2] we find that the General Assembly did not make "probable cause" or "articulable suspicion" a condition precedent to sustaining a conviction of Section 3733(a). In fact, nowhere in the statute is there any mention that the absence of "probable cause" or "articulable suspicion" to stop a motorist is a defense as is the unidentifiability of a police vehicle or a police officer *qua* police officer set forth in subsection (c) of Section 3733. We find this enlightening and consistent with the maxim: *Expressio unius est exclisio alterius.*[3] Nor is either indicia of a lawful stop of a vehicle and/or arrest of its operator an element of the offense.

▰▰▰ Further, we hold that, just as a citizen is not permitted a defense to a resisting arrest charge to assert the *unlawfulness* of the arrest,[4] a citizen is not permitted to avoid a violation of Section 3733(a) under the cloak of no probable cause or articulable suspicion to believe criminal activity is afoot by police. The statute is clear and unambiguous on its

2. 1 Pa.C.S.A. § 1921.

3. Under such a maxim, if a statute specifies one exception to a general rule or assumes to specify the effects of a certain provision, other exceptions or effects are excluded. Black's Law Dictionary 692 (Rev. 4th ed. 1968).

4. Parenthetically, the unlawfulness of an arrest may be raised in a federal lawsuit under Section 1983 (excessive use of force by public servant in performance of his/her duty exposes governmental entity to liability for actions of its employees/agents).

face as to the elements necessary to trigger its violation: an operator's "willful" failure to bring his/her vehicle to a stop in the face of an audibly or visually identifiable police officer's signal to do so.

■ To reiterate, nothing in Section 3733(a) requires that the police have probable cause or articulable suspicion of criminal activity prior to seeking the stop of a vehicle. The Legislature has carved out but a single caveat to Section 3733(a), i.e., the pursuing vehicle or signal-stopping officer was not identifiable as belonging to or an authoritative representative of the police department. We will not by judicial fiat add to the list of defenses available to a charge of violating Section 3733(a). Such is not our role.

*Sub judice*, there is no evidence that Officer Boettger was not in uniform or that any of the four pursuing vehicles were not marked and identifiable as police cruisers with flashing dome lights and sirens blaring over the two-three-mile chase route.

■ Given the lateness of the hour, the signal for assistance by a female adjacent to the stopped Ford Mustang, the police acted properly in pursuing the appellant. Conversely, the appellant's conduct, in light of the totality of the circumstances, was consistent with a "willful" failure to bring his vehicle to a stop (over a two-three-mile chase) and eluding police. See *Commonwealth v. Welsh*, 15 Pa.D. & C.3d 471 (Adams Cty., 1980).

Judgment of sentence affirmed.[5]

---

**5.** For edification purposes, we would note that a police stop of a motorist without probable cause or articulable suspicion of criminal activity would taint the seizure of any evidence as "fruit of the poisonous tree" and render it suppressible. See *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); see also *Commonwealth v. Epoca*, 447 Pa.Super. 183, 668 A.2d 578 (1995); *Commonwealth v. Dennis*, 289 Pa.Super. 305, 433 A.2d 79 (1981). Thus, the police are not given *carte blanche* to stop indiscriminately all motorists without sacrificing the suppression of evidence seized as a result of an unlawful stop.

This is not the case here where the police neither stopped the appellant nor seized any incriminating evidence as a result of a stop.

The statute in question permits citation of a non-cooperating motorist for a request to stop, even though no probable cause to arrest or reasonable suspicion to believe that criminal activity is afoot concerning the motorist. The Legislature could very easily add to the defenses set forth in subsection (c) of Section 3733(a), a role we will not usurp by judicial fiat. Cf. 75 Pa.C.S.A. § 3731 (Probable cause necessary to arrest for DUI).