J-A11009-17

2017 PA Super 295

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHERRY LYNN WISE, | |
| Appellant | No. 1684 MDA 2016 |

Appeal from the Judgment of Sentence September 13, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0006928-2015

BEFORE:  SHOGAN and MOULTON, JJ., and STEVENS, P.J.E.[*]

OPINION BY SHOGAN, J.:                    **FILED SEPTEMBER 15, 2017**

Appellant, Sherry Lynn Wise, appeals from the judgment of sentence of two years of probation, payment of costs and fines, plus 100 hours of community service imposed on September 13, 2016, following her conviction by a jury that same day of Fleeing or Attempting to Elude a Police Officer, 75 Pa.C.S. § 3733.[1]  We affirm.

The trial court summarized the facts as follows:

> [Appellee, t]he Commonwealth[,] presented one witness, Officer Holly Rowland ("Officer Rowland") of the Southwestern Regional Police Department.  Officer Rowland was on duty on September 24, 2015.  At approximately 6:15 p.m. that day,

---

[*]  Former Justice specially assigned to the Superior Court.

[1]  The court also convicted Appellant of the summary offense of Drivers Required to be Licensed, 75 Pa.C.S. § 1501(a), and sentenced her to a $200 fine.  N.T., 9/13/16, at 6.

Officer Rowland was in the area of York Road and Jacobs Mill Road in York County. She was in this area due to a minor vehicle accident, and she was standing on the Jacob Mill side of the road (by the stop sign) talking to witnesses and determining whether there were injuries.

At that time of day, it was still sunny, and the lights on Officer Rowland's marked patrol unit vehicle were on. While she was talking to witnesses, Officer Rowland observed "a green Mustang with a convertible top that was down approach ... the intersection" from the direction of Jacobs Mill Road. She observed that "the vehicle was coming up to make a right-hand turn on York Road." Officer Rowland testified that she "was able to make contact with the driver of the Green Mustang, who she did identify as the Appellant."

Officer Rowland recognized the Appellant as the driver of the vehicle that day. Officer Rowland testified that she knew Appellant did not have a valid driver's license due to previous dealings with the Appellant. Upon seeing the vehicle, Officer Rowland "approached the vehicle and ... said to the Appellant, Sherry, what's going on? And the Appellant said, what do you mean? And Officer Rowland said, you don't have a driver's license, I'm going to need you to pull over, please." This interaction between Officer Rowland and Appellant had occurred at the intersection while Appellant sat in the driver seat and Officer Rowland spoke standing just outside of the passenger side of the car. Officer Rowland was in full uniform at that time, including a vest, full duty belt, badge, and patches on the arms.

After instructing the Appellant to pull over, Officer Rowland "pointed in the direction that Officer Rowland wanted Appellant to . . . turn onto York Road, and Officer Rowland pointed out that there is a driveway that Appellant could pull into safely and wait for Officer Rowland to come over to speak with her." In response to these instructions, Appellant "asked, where, and Officer Rowland again motioned to the Appellant . . . in the direction that Officer Rowland wanted her to travel, and Officer Rowland again stated, the driveway shoulder area located on York Road. To motion to the Appellant, Officer Rowland "[u]sed her arms as a signal for the Appellant to follow that direction." Importantly, Officer Rowland had specifically told [Appellant] to pull over. According to Officer Rowland's testimony, the Appellant did not ask any further questions, or express any other

concern or reason about why Appellant could not stop at that time.

After the instructions, Appellant turned right down York Road and drove away instead of stopping in the area that Officer Rowland instructed her to. In fact, according to Officer Rowland's testimony, after Appellant pulled out into the intersection, Appellant "accelerated at a very fast speed out of the area" and did not stop at any point, which was not following the directions Officer Rowland had given. In addition, there was more than one place along the roadway that Appellant was driving near the officer that Appellant could have pulled over but did not do so. At the time, Officer Rowland was not able to pursue the Appellant since the officer was still on the scene of the car accident and because the officer needed to stay at the scene of the car accident for the tow companies to arrive. The Appellant did not come back to Officer Rowland or contact the police department that evening.

In response to Appellant not pulling over and driving away, Officer Rowland "radioed to . . . York Dispatch to let them know that this vehicle had left the scene and to notify future [sic] departments." Officer Rowland had "noted to . . . York County Dispatch to note that the vehicle had fled the scene."

Trial Court Opinion, 12/2/16, at 2–6 (footnotes omitted).

As noted, on September 13, 2016, a jury convicted Appellant of fleeing or attempting to elude a police officer, the court convicted her of driving without a license, and she was sentenced as described *supra*. Appellant filed a timely post-sentence motion, which the trial court denied on September 22, 2016. Appellant filed a timely notice of appeal on October 11, 2016, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

1. Whether the trial court erred in failing to present a complete jury instruction on the elements of the offense of Fleeing or Attempting to Elude a Police Officer when the trial court denied Appellant's request to include the language "pursuing police officer" in the jury instruction?

2. Whether the Commonwealth failed to present sufficient evidence in order to convict Appellant beyond a reasonable doubt because the Commonwealth failed to prove the Appellant was fleeing or attempting to elude a pursuing police officer?

Appellant's Brief at 5.

In reviewing a jury charge, we determine "whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case." *Commonwealth v. Brown*, 911 A.2d 576, 582–583 (Pa. Super. 2006). We must view the charge as a whole; the trial court is free to use its own form of expression in creating the charge. *Commonwealth v. Hamilton*, 766 A.2d 874, 878 (Pa. Super. 2001). "[Our] key inquiry is whether the instruction on a particular issue adequately, accurately and clearly presents the law to the jury, and is sufficient to guide the jury in its deliberations." *Id*. Moreover,

[i]t is well-settled that "the trial court has wide discretion in fashioning jury instructions. The trial court is not required to give every charge that is requested by the parties[,] and its refusal to give a requested charge does not require reversal unless the appellant was prejudiced by that refusal."

*Commonwealth v. Scott*, 73 A.3d 599, 602 (Pa. Super. 2013) (quoting *Brown*, 911 A.2d at 583).

The jury was charged, in relevant part, as follows:

[Appellant] has been charged with the offense of fleeing or attempting to elude a police officer. To find [Appellant] guilty of this offense, you must find the following elements have been proven beyond a reasonable doubt:

First, that [Appellant] was the driver of a motor vehicle;

Second, that [Appellant] was given a visual and audible signal by the police officer to bring her vehicle to a stop. The signal given by the police officer may be given by hand, voice, emergency lights, or siren;

Third, that [Appellant] failed or refused to bring her vehicle to a stop or fled;

And, fourth, that [Appellant] did so willfully, that is she was aware of the officer's signal to stop and refused to do so.

N.T., 9/12/16, at 118–119.

While Appellant has not acknowledged our standards of statutory interpretation, a reading of her first issue compels the conclusion that it includes aspects of such a claim. Thus:

Statutory interpretation is a question of law, therefore our standard of review is *de novo*, and our scope of review is plenary. **Commonwealth v. Hall**, 622 Pa. 396, 80 A.3d 1204, 1211 (2013). "In all matters involving statutory interpretation, we apply the Statutory Construction Act, 1 Pa.C.S. § 1501 *et seq*., which provides that the object of interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." **Commonwealth v. McCoy**, 599 Pa. 599, 962 A.2d 1160, 1166 (2009) (citation omitted).

Generally, a statute's plain language provides the best indication of legislative intent. **Id**. We will only look beyond the plain language of the statute when words are unclear or ambiguous, or the plain meaning would lead to "a result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S. § 1922(1).

Therefore, when ascertaining the meaning of a statute, if the language is clear, we give the words their plain and ordinary meaning. ***Hall***, 80 A.3d at 1211. ***Commonwealth v. Popielarcheck***, 151 A.3d 1088, 1091-92, 2016 WL 7103930 at *2 (Pa. Super. 2016).

***Commonwealth v. Torres-Kuilan***, 156 A.3d 1229, 1231 (Pa. Super. 2017). "Where a case involves the proper construction of a statute, our standard of review is *de novo* and our scope of review is plenary. ***See Octave ex rel. Octave v. Walker***, 103 A.3d 1255, 1259 (Pa. 2014)." ***Commonwealth v. T.J.W.***, 114 A.3d 1098 (Pa. Super. 2015). Moreover, although we must strictly construe penal statutes,

courts are not required to give words of a criminal statute their narrowest meaning or disregard evident legislative intent. Thus, we will not adopt the strictest possible interpretation if doing so would defeat the plain intent of the legislature. Again, we must bear in mind that the legislature "does not intend a result that is absurd, impossible of execution, or unreasonable, and that the legislature intends the entire statute to be effective and certain." ***Commonwealth v. Brown***, 956 A.2d 992 (Pa. Super. 2008) (internal citations omitted).

***Commonwealth v. Johnson***, 125 A.3d 822, 831 (Pa. Super. 2015).

Appellant's first issue concerns the phrasing of 75 Pa.C.S. § 3733, Fleeing or Eluding a Police Officer, which provides as follows:

**(a) Offense defined.**--Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop, commits an offense as graded in subsection (a.2).

\* \* \*

**(b) Signal by police officer.**--The signal given by the police officer may be by hand, voice, emergency lights or siren.

75 Pa.C.S. § 3733.

The trial court, citing to the language of the statute and referring to this Court's decision in **Commonwealth v. Scattone**, 672 A.2d 345 (Pa. Super. 1996), concluded that there is a requirement of pursuit in order to find eluding a police officer but not for fleeing from a police officer. Trial Court Opinion, 12/2/16, at 10. The trial court relied on the statute's use of the word "or" in separating the phrases "fleeing" and "'eluding a pursuing officer,' making it so that a pursuit was not required to find [that Appellant] fled." **Id**. at 10–11. Thus, the court concluded it did not err in failing to include the phrase "pursuing police officer" in the jury instructions. **Id**. at 12.

Appellant argues that the absence of a comma after the phrase "or who otherwise flees" ("Oxford comma"), compels that the statute requires "'a pursuing police officer,' regardless of whether a motorist 'flees' or 'attempts to elude' the police." Appellant's Brief at 11. Because Officer Rowland never pursued Appellant, she contends the jury was misinformed regarding this "element." Appellant's Brief at 11. Appellant then presents two pages of discussion about the Oxford comma and her asserted import of its absence in the statute. Appellant attempts to present allegedly clearer language that could have been utilized by the Legislature, *id*. at 16, and cites to other statutes where the Oxford comma was not used because, in her view, it would have been superfluous. **Id**. at 20.

The Commonwealth, citing *Scattone*, responds that this Court, albeit when evaluating a different aspect of the statute's language, has held that 75 Pa.C.S. § 3733 is clear and unambiguous on its face. Commonwealth's Brief at 12. Further, the Commonwealth agrees with the trial court that the statute's use of the word "or" defines the behavior identified in the statute. *Id*. at 13–15. Moreover, the Commonwealth underscores that the trial court utilized the suggested standard jury instruction for Section 3733. *Id*. at 18.

Examining the language of the statute, we conclude it is clear that any driver:

1) who willfully[2] fails or refuses to stop, **or**

2) who otherwise flees **or**

3) attempts to elude a pursuing police officer

when given a visual and audible signal to stop, commits the offense.

This is not a question of punctuation, it is a question of terminology. In reading the plain language, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage." 1 Pa.C.S. § 1903(a). Moreover, "[o]ur courts do not dissect statutory text and interpret it in a vacuum." *Commonwealth v. Griffin*, 149 A.3d 349, 353 (Pa. Super. 2016).

_____

[2] "Willfully" is defined in the Pennsylvania Crimes Code as when "a person acts knowingly with respect to the material element of the offense[.]" 18 Pa.C.S. § 302(g).

This Court in **Scattone** observed that we give effect to a statute as a whole and reinforced that "the Legislature would not seek an absurd result by enacting legislation. . . ." **Scattone**, 672 A.2d at 347 (citing 1 Pa.C.S. § 1921). We stated therein that the "statute is clear and unambiguous on its face as to the elements necessary to trigger its violation: an operator's 'willful' failure to bring his/her vehicle to a stop in the face of an audibly or visually identifiable police officer's signal to do so." **Id**.

The word "or" is used exclusively in the statute in explaining the behavior proscribed. The word "or" is given its normal disjunctive meaning unless it produces an unreasonable result. **Commonwealth v. Lopez**, 663 A.2d 746 (Pa. Super. 1995); 1 Pa.C.S. § 1903(a). Giving "or" its usual disjunctive meaning in this case does not produce an unreasonable result. Indeed, the statute makes clear, that upon a visual and audible signal to stop by a police officer, a driver who fails or refuses to stop, **or** flees, **or** attempts to elude a pursing officer, commits the offense. Thus, we reject Appellant's claim.[3]

---

[3] In response to the representation in the Concurring Statement that the jury instructions herein required a finding only that Appellant was aware of the officer's signal to stop and refused to do so," Concurring Statement at 2 (citing N.T., 9/12/16, at 119), we note that prior to that instruction, the trial court advised the jury that to find Appellant guilty of the offense, it must find that she "failed or refused to bring her vehicle to a stop **or fled**." N.T., 9/12/16, at 119 (emphasis added). Moreover, the statutory interpretation discussion is relevant to both prongs of the statute in that one commits the offense of "**Fleeing or Eluding** a Police Officer" by failing or refusing to stop
*(Footnote Continued Next Page)*

- 9 -

Appellant purports to assail the sufficiency of the evidence in her second issue. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. *Commonwealth v. James*, 46 A.3d 776, 779 (Pa. Super. 2012). It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. *Commonwealth v. Cousar*, 928 A.2d 1025 (Pa. 2007); *Commonwealth v. Moreno*, 14 A.3d 133 (Pa. Super. 2011). The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. *Commonwealth v. Hansley*, 24 A.3d 410 (Pa. Super. 2011). Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. *Commonwealth v. Ratsamy*, 934 A.2d 1233 (Pa. 2007); *Commonwealth v. Brown*, 23 A.3d 544 (Pa. Super. 2011). Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

or "**otherwise** flees or attempts to elude" a police officer. 75 Pa.C.S. § 3733. For these reasons, we conclude that we must address the issue advanced by Appellant.

so inconclusive that as a matter of law no probability of fact may be drawn from the circumstances. *Moreno*, 14 A.3d at 133.

Appellant's sufficiency argument is essentially a three-sentence contention that because Officer Rowland never pursued Appellant, "a material element" of the crime was not proven. Appellant's Brief at 24. Appellant's conclusory claim is undeveloped and fails to assert a minimally sufficient argument. She does not cite to the notes of testimony, fails to refer to relevant and controlling case law, and merely cites case law relating to our standard of review. *Id*. at 23–24. Therefore, we find the issue waived. *See Commonwealth v. Woodard*, 129 A.3d 480, 509 (Pa. 2015) (quoting *Wirth v. Commonwealth*, 95 A.3d 822, 837 (Pa. 2013), which stated that "where an appellate brief fails to . . . develop an issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of an appellate court to formulate [the] appellant's arguments for him.") (internal quotations omitted)).

Even if not waived, we would rely on the trial court's disposition of this issue, as follows:

> This Court finds that there was sufficient evidence for the jury to find Appellant guilty of Fleeing or Attempting to Elude a Police Officer beyond a reasonable doubt. The Pennsylvania Fleeing or Attempting to Elude statute provides that "Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop, commits an offense."[54] The signal that is "given by the police officer may be by hand, voice, emergency lights or siren."[55] When viewed in the light most

favorable to the Commonwealth as the verdict winner, this [c]ourt finds there was sufficient evidence to convict Appellant of Fleeing or Attempting to Elude.

[54] 75 Pa.C.S.A. § 3733[.]

[55] *Id*.

Giving the Commonwealth all reasonable inferences, the jury could have found beyond a reasonable doubt that Appellant fled after [Officer] Rowland gave the signal to Appellant. Here, as the evidence and testimony shows, Officer Rowland gave both a visual and audible signal to Appellant, who was driving the vehicle, when Officer Rowland told Appellant to pull over to the side of the road and also motioned with her arm to do so. Appellant kept driving, rather than pull over. The jury was free to conclude that Officer Rowland's actions constituted an audible and visual signal to bring the vehicle to a stop, and the jury was also free to conclude that the Appellant's act of driving away despite Officer Rowland's instructions constituted fleeing or willfully failing or refusing to stop her vehicle, despite Officer Rowland's audible and visual signals.

As such, there was enough evidence for the jury to find Appellant guilty beyond a reasonable doubt. Accordingly, the jury verdict should stand.

Trial Court Opinion, 12/2/16, at 14–16.

Judgment of sentence affirmed.

P.J.E. Stevens joins the Opinion.

Judge Moulton files a Concurring Statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2017

- 12 -