J-S79008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| IVAN ROBINSON | : | |
| | : | |
| Appellant | : | No. 1633 EDA 2015 |

Appeal from the Order Entered April 20, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-MD-0010930-2014

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                        **FILED MARCH 27, 2018**

Ivan Robinson appeals from the order entered in the Court of Common Pleas of Philadelphia County denying his petition to appeal, *nunc pro tunc*, his conviction, *in absentia*, of the charge of driving on the left side of the road, 75 Pa.C.S. § 3306.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

We begin by noting there appears to have been some manner of misunderstanding regarding this appeal.  We will set forth the underlying facts as best as we understand them.

Ivan Robinson was convicted, *in absentia*, on two separate traffic citations in two separate trials.  The first citation was for a violation of 75 Pa.C.S. § 3306, the conviction noted above.  This citation was issued on March 9, 2009.  **See** N.T. Hearing, 4/20/2015, at 4.  This citation corresponds to docket number CP-51-MD-0010930-2014 (hereinafter No. 10930).  On July

29, 2010, Robison was issued a citation for violations of 75 Pa.C.S. §§ 3309 and 1543.[1] These citations correspond to docket number CP-51-MD-0010931-2014 (hereinafter No. 10931). There are two docket numbers because Robinson filed two petitions for *nunc pro tunc* relief. There is no indication of record that these docket numbers were ever consolidated. A hearing on the two petitions, Nos. 10930 and 10931, was held on April 20, 2015. It is clear from the notes of testimony of this hearing that all interested parties, Robinson, the Commonwealth, and the Court, were all aware that two petitions were at issue. After the close of argument, the trial court denied Robinson *nunc pro tunc* relief pursuant to No. 10930 – violation of driving in the left lane. However, the trial court granted Robinson *nunc pro tunc* relief pursuant to his petition regarding his convictions at No. 10931, regarding lane restrictions and driving with a suspended license. The trial court determined that the Commonwealth had not demonstrated Robinson had been properly notified of his *in absentia* conviction of those charges. This order was stated on the record at the end of the hearing.

> The Court: The document and reviewed my notes. [sic] I heard the arguments. With regard to a case which is listed … today is Case No. 1 being docketed at CP-51-MD-0010930-2014, the petition is denied.
>
> With regard to Case. No. 2, which is docketed at [C]P-51-MD-[]0010931-2014, that petition is granted.

---

[1] Section 3309 regards lane restrictions and section 1543 addresses driving with a suspended or revoked license.

…

> The citations that were issued on July 29th, there's no evidence or [the] Commonwealth has put no evidence here that the defendant was issued the notice of disposition *in absentia* and for that reason I granted that petition.
>
> [Defense Counsel]: Okay. That was docket 0010931?
>
> The Court: Yes, according to my run sheet.
>
> [Defense Counsel]: Okay.

N.T. Hearing, 4/20/2015 at 25-26.

The official docket for No. 10930 confirms that *nunc pro tunc* relief was denied; the official docket for No. 10931 confirms that *nunc pro tunc* relief was granted. However, and it appears this may be the source of the confusion, the written orders, denying *nunc pro tunc* relief in one instance and granting *nunc pro tunc* relief in the other, fail to indicate either the charges or docket numbers associated thereto.[2]

Robinson then filed a timely appeal regarding docket number 10930, which is the docket number associated with the denial of *nunc pro tunc* relief for the violation of driving in the left lane. However, the substance of this appeal is now, and has always been, a claim the trial court erred in failing to grant *nunc pro tunc* relief regarding Robinson's conviction for driving with a suspended or revoked license, a violation associated with docket number 10931. The Commonwealth's appellee's brief responds to the substance of

---

[2] The notes of testimony suggest that the trial court may have signed the orders before the clerk had completed them.

- 3 -

the claim as does the trial court's Pa.R.A.P. 1925(a) opinion. Neither Robinson's appellate brief nor either the Appellee's brief or trial court opinion acknowledge that Robinson was, in fact, granted *nunc pro tunc* relief on that issue.

Accordingly, before us now is an appeal from an order denying Robinson relief regarding his conviction for violation of driving in the left lane. However, Robinson has provided no argument regarding that conviction. Therefore, we find that issue waived. ***See Commonwealth v. Wise***, 171 A.3d 784, 791 (Pa. Super. 2017) (issues are waived when not developed); ***Commonwealth v. Heggins***, 809 A.2d 908, 912 n. 2 (Pa. Super. 2002) (issues identified but not developed are abandoned and, therefore, waived).

We need not address Robinson's arguments regarding his conviction for driving with a suspended or revoked license, because the trial court granted him that relief on April 20, 2015, almost three years ago. Any argument regarding that conviction is, therefore, moot.[3]

_____

[3] Indeed, the docket at 10931 indicates a summary appeal docket number of CP-51-SA-0001251-2015 was assigned after *nunc pro tunc* relief was granted. According to that docket, the charge of driving with a suspended or revoked license (the subject of the instant appeal) was withdrawn and Robinson pled guilty to the other charges, on September 14, 2015. Counsel has abandoned any argument relevant to the denial of *nunc pro tunc* relief regarding docket number 10930 and has, instead, argued an issue regarding charges for which he was granted *nunc pro tunc* relief below and which were subsequently withdrawn. We request that, in the future, counsel take greater care not to file frivolous appeals such as this one.

In light of the foregoing, we affirm the trial court order of April 20, 2015, denying Robinson *nunc pro tunc* relief regarding docket number CP-51-MD-0010930-2014.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/18