J-S32013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALLEN RICHARD MYERS | : | |
| | : | |
| Appellant | : | No. 1205 WDA 2020 |

Appeal from the Judgment of Sentence Entered October 7, 2020
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0001128-2019

BEFORE: LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:            **FILED: NOVEMBER 19, 2021**

Allen Richard Myers appeals from the judgment of sentence, entered in the Court of Common Pleas of Fayette County, following his convictions after a non-jury trial for fleeing or attempting to elude police,[1] possession of a controlled substance,[2] driving under the influence (DUI) - general impairment,[3] DUI - combination of alcohol and controlled substance, second offense,[4] resisting arrest,[5] and the summary charges of compliance with

_____

[1] 75 Pa.C.S.A. § 3733(a).

[2] 35 P.S. § 780-113(a)(16).

[3] 75 Pa.C.S.A. § 3802(a)(1).

[4] 75 Pa.C.S.A. § 3802(d)(3).

[5] 18 Pa.C.S.A. § 5104.

exhaust requirements,[6] driving under suspension with a BAC of .02 or greater,[7] failure to stop at red signal,[8] improper right turn,[9] failure to keep right,[10] turning movements and required signals,[11] driving at safe speed,[12] careless driving,[13] reckless driving,[14] accident involving damage to unattended vehicle or property,[15] and failure to use safety belt – driver or front seat occupant.[16]  After careful review, we affirm.

The facts of the case, as elicited at the non-jury trial, are scant.  We discern from the record that Myers stipulated to all of the facts as alleged by the Commonwealth.  **See** N.T. Non-jury Trial, 10/7/20, at 3 (Commonwealth attorney informing the court:  "It's not what I want to do, defense wants to

_____

[6] 75 Pa.C.S.A. § 4523(b).

[7] 75 Pa.C.S.A. § 1543(B)(1.1).

[8] 75 Pa.C.S.A. § 3112(a)(3)(i).

[9] 75 Pa.C.S.A. § 3331(a).

[10] 75 Pa.C.S.A. § 3301(a).

[11] 75 Pa.C.S.A. § 3334(a).

[12] 75 Pa.C.S.A. § 3361.

[13] 75 Pa.C.S.A. § 3714(a).

[14] 75 Pa.C.S.A. § 3736(a).

[15] 75 Pa.C.S.A. § 3745(a).

[16] 75 Pa.C.S.A. § 4581(a)(2)(ii).

do a non[-]jury, stipulating to all the facts, Your Honor."); *id.* at 9 (defense counsel reiterating Myers' intent to stipulate to facts as Commonwealth alleged: "The only question I have is [] whether the . . . [']large amount of cocaine used four hours earlier['] is sufficient to support an independent charge of driving under the influence of controlled substances." The court: "If you have questions about it[,] then you should [proceed by jury] trial."). Specifically, the underlying facts elicited were that, while under the influence of alcohol "to an extreme degree," *id.* at 10, and while simultaneously driving a vehicle with a suspended license, Myers fled from police at seventy to eighty miles per hour, failed to stop, failed to keep right, improperly turned right, drove carelessly and recklessly, weaved through driving lanes, hit a bridge, continued on, and crashed into a private fence. *Id.* at 3-5. Upon apprehension, which required police to tase Myers in order to subdue him, *id.* at 11, and after Myers received his *Miranda*[17] warnings, Myers refused to submit to drug testing, *id.* at 4, and admitted to consuming a large amount of cocaine, in addition to an extreme amount of alcohol, four hours prior to crashing the vehicle. *Id.* at 3, 10-11 (The court: "You're stipulating that [Myers] had [consumed] cocaine and/or alcohol [four hours] prior to the accident that was sufficient to bring it to a level three[?]" Defense counsel: "Yes, sir. . . . We'll stipulate to that.").

---

[17] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

Following a non-jury trial on October 7, 2020, the court, sitting as trier of fact, found Myers guilty of the above-stated offenses. Subsequently, the court sentenced Myers to serve two to four years' incarceration for fleeing and eluding, ninety days to one year for DUI - combination of alcohol and controlled substances, and ninety days for driving under suspension with BAC .02 or greater. The sentences imposed at each charge were to run consecutive to each other and to a sentence imposed in a prior case; the court assessed no further penalty on the remaining charges.

On November 6, 2020, Myers filed a *pro se* appeal to the Superior Court, though he remained represented by counsel of record. The trial court ordered a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal on November 18, 2020. The order was forwarded to Myers' counsel but not to Myers. On December 16, 2020, the court issued a second order for Myers to file a Rule 1925(b) statement and that second order was sent to counsel and to Myers. The court received no response, nor did counsel file a motion to withdraw. The court then issued a statement in lieu of opinion since no issues were raised.

On January 28, 2021, a panel of this Court remanded[18] the case because defense counsel was placed on temporary suspension. This Court directed the trial court to appoint the Fayette County Office of the Public Defender to represent Myers on appeal and to issue an order directing counsel to file and

_____

[18] ***See*** Order, 1/28/21.

- 4 -

serve on the trial judge a Rule 1925(b) statement within fourteen days of appointment. *See also* Trial Court Opinion, 4/13/21, at [3]. On remand, the court appointed Susan Ritz Harper, Esquire, of the Fayette County Public Defender, to represent Myers, and ordered Attorney Harper to file a Rule 1925(b) statement. Attorney Harper filed a Rule 1925(b) statement on March 4, 2021, raising four sufficiency of the evidence issues on appeal. In response to the counseled Rule 1925(b) statement, the court filed its Rule 1925(a) opinion on April 13, 2021, explaining that it had vacated Myers' convictions for possession of a controlled substance and resisting arrest,[19] and urging this Court to affirm the judgment of sentence as to Myers' remaining convictions.

On appeal, Myers raises[20] the following issues for our review:

1. Whether the evidence was legally and factually sufficient to prove beyond a reasonable doubt that [Myers] was under the influence of alcohol or a controlled substance when there was no blood draw or standard field sobriety testing [conducted] on [him].

2. Whether the evidence was legally and factually sufficient to prove beyond a reasonable doubt that [Myers] willfully fled or otherwise failed to stop for the police when the police vehicle was too far behind [Myers] for any reasonable person to conclude it was [him] being pursued by the police.

Appellant's Brief, at 4 (unnecessary capitalization omitted).[21]

---

[19] As noted above, the trial court imposed no further penalty on these convictions.

[20] On March 31, 2021, Nicholas M. Clark, Esquire, entered his appearance on Myers' behalf, and, after this Court granted three extensions, Attorney Clark filed an appellate brief in this matter on August 23, 2021.

[21] The Commonwealth has not filed a brief in this case.

Myers' two claims on appeal raise challenges to the sufficiency of the evidence to sustain his convictions, under 75 Pa.C.S.A. §§ 3802(d)(3) and 3733(a), respectively. In his first issue, Myers contends that the evidence is insufficient to convict him of DUI - combination of alcohol and controlled substance - because Myers did not stipulate to sufficient facts that would establish that there was any combination of a controlled substance or alcohol in his system at the time he drove his vehicle, since no blood was drawn from Myers, nor was any field sobriety testing conducted. Appellant's Brief, at 8-9. In his second issue, Myers asserts that the evidence is insufficient to convict him of fleeing or attempting to elude the police because the alleged chase lasted only a quarter of a mile, police used insufficient signals to attempt to stop Myers, and the police vehicle was too far away for Myers to appreciate that he was the subject of police pursuit. *Id.* at 9-11.

Our standard of review for a challenge to the sufficiency of the evidence is well-settled:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner[,] giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

> Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty, and may sustain its burden by means of wholly circumstantial evidence. Significantly, we may not substitute our judgment for that of the fact[-]finder; if the record contains support for the convictions[,] they may not be disturbed. So long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective

elements of a defendant's crimes beyond a reasonable doubt, his convictions will be upheld. Any doubt about the defendant's guilt is to be resolved by the fact[-]finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

***Commonwealth v. DiPanfilo***, 993 A.2d 1262, 1264 (Pa. Super. 2010).

We are cognizant that "a criminal conviction cannot be based upon mere speculation and conjecture." ***Commonwealth v. Jarman***, 601 A.2d 1229, 1231 (Pa. 1992).

In addition, we are mindful that "[a] stipulation is a declaration that the fact agreed upon is proven, and a valid stipulation will be enforced according to its terms." ***Commonwealth v. Mitchell***, 902 A.2d 430, 460 (Pa. 2006) (quoting ***Commonwealth v. Rizzuto***, 777 A.2d 1069, 1088 (Pa. 2001)) (brackets omitted). Moreover, this Court has previously concluded there is no requirement for expert testimony to establish causation to sustain a conviction under subsection 3802(d)(3). ***Commonwealth v. Graham***, 81 A.3d 137, 145-46 (Pa. Super. 2013).

Section 3802(d)(3) defines the crime of driving under the combined influence of alcohol and a drug or combination of drugs, and states as follows:

**(d) Controlled substances**. — An individual may not drive, operate[,] or be in actual physical control of the movement of a vehicle under any of the following circumstances:

\* \* \*

(3) The individual is under the combined influence of alcohol and a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate[,] or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(d)(3). To sustain a conviction for DUI under section 3802(d)(3), this Court has clarified that the Commonwealth must establish: (1) the defendant was impaired; (2) the defendant was incapable of safely driving; and, (3) the defendant's impairment was caused by the combined influence of alcohol and a drug or combination of drugs. **See Graham**, **supra** at 146 n.6.

Section 3733(a) defines the offense of fleeing or eluding police officers, and states as follows:

> **(a) Offense defined. —** Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop, commits an offense as graded in subsection (a.2).

75 Pa.C.S.A. § 3733(a). This Court has previously found that section 3733(a) "is clear and unambiguous on its face as to the elements necessary to trigger its violation: an operator's 'willful'[22] failure to bring his/her vehicle to a stop in the face of an audibly or visually identifiable police officer's signal to do so." **Commonwealth v. Wise**, 171 A.3d 784, 790 (Pa. Super. 2017) (quoting **Commonwealth v. Scattone**, 672 A.2d 345, 347 (Pa. Super. 1996)).

Here, first, with regard to section 3802(d)(3), we conclude that Myers' conviction is not mere conjecture. **See Jarman**, **supra**. Myers entered into several stipulations, the facts of which we must accept as established. **See**

---

[22] "Willfully" is defined in the Pennsylvania Crimes Code as when "a person acts knowingly with respect to the material element of the offense[.]" 18 Pa.C.S.A. § 302(g).

*Mitchell*, *supra*.   First, Myers stipulated that he was under the influence of alcohol "to an extreme degree" at the time of the accident.   N.T. Non-jury Trial, 10/7/20, at 10.   Moreover, Myers stipulated that he consumed a "large amount of cocaine," *id.* at 10-11, four hours prior to crashing the vehicle.  *Id.* at 3.   In addition, we agree with the court's conclusion that Myers' stipulation that he crashed into a bridge and a fence evidenced his inability to drive safely. *Id.* at 5 (The court:   "And unable to operate the vehicle safely[?]   You're stipulating to that?"   Defense counsel:   "I am stipulating specifically to the facts—"   The court:   "Sounds like he probably wasn't if he hit a bridge." Defense counsel:   "Absolutely.   At a high rate [of] speed, probably in the neighborhood of seventy to eight[y] miles per hour.").   We are cognizant that the fact-finder may establish the element of causation, without the benefit of expert testimony, *see Graham*, *supra*, by relying on wholly circumstantial evidence, including Myers' refusal to submit to testing.  *See Commonwealth v. Olsen*, 82 A.3d 1041, 1046 (Pa. Super. 2013) (quoting *Commonwealth v. Mobley*, 14 A.3d 887, 889-90 (Pa. Super. 2011) (Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about defendant's guilt is to be resolved by fact-finder unless evidence is so weak and inconclusive that no probability of fact can be drawn from combined circumstances); 75 Pa.C.S.A. § 1547(e) ("In any . . . criminal proceeding in which the defendant is charged with a violation of [75 Pa.C.S.A. § 3802 (DUI)] . . ., the fact that the defendant refused to submit to chemical testing as required by [75 Pa.C.S.A. § 1547(a) (deeming drivers to have given consent

to chemical testing)] may be introduced in evidence along with other testimony concerning the circumstances of the refusal. No presumptions shall arise from this evidence[,] but it may be considered along with other factors concerning the charge."). Consequently, we conclude that the evidence adduced at Myers' non-jury trial, giving the Commonwealth the benefit of all reasonable inferences to be drawn therefrom, was sufficient to convict Myers of driving under the influence of a combination of alcohol and a controlled substance. *See DiPanfilo*, *supra*; *Graham*, *supra*; 75 Pa.C.S.A. § 3802(d)(3). *See also* N.T. Non-jury Trial, 10/7/20, at 3, 10-11 (The court: "**You're stipulating that [Myers] had cocaine and**/or **alcohol consumed** [four hours] prior to the accident **that was sufficient to bring it to a level three**[?]" Defense counsel: "**Yes, sir**. . . . **We'll stipulate to that**.") (emphasis added).

Second, with regard to section 3733(a), we conclude that Myers' conviction for fleeing and eluding is supported by competent evidence of record. *See Jarman*, *supra*. Indeed, the Commonwealth provided the facts to which Myers stipulated, *see Mitchell*, *supra*, as follows:

> Your Honor, they started at [the] Sunoco at the corner of Lincoln and Connellsville Street[s], all the way down Connellsville Street to Stewart Avenue, crossing over Main Street, all the way down Stewart Avenue, Fayette Street in front of the Uniontown High School, swerving in and out of the lanes, almost hitting parked cars, [] turned an extremely wide right turn onto Grant Street, a very high[-]speed chase, made it across the railroad tracks, turned left, and I don't know if that's Cinder or Virginia Avenue or Barton Mill Road right there[,] but there's a bridge right there, clipped the entire bridge. The police cruiser couldn't even keep

up with [Myers because he] was going so fast, oil sprays all out of the vehicle, [Myers] crashes right there. So[,] a quarter of a mile[,] approximately[,] was the distance.

N.T. Non-jury Trial, 10/7/20, at 9-10. Additionally, Myers stipulated "that there were police behind him with a red light and/or siren on" during the "escapade." *Id.* at 5. When evaluating the record in the light most favorable to the Commonwealth as verdict winner, *see DiPanfilo*, *supra*, we conclude these are sufficient facts from which the fact-finder could, without conjecture, *see Jarman*, *supra*, infer Myers' willful[23] failure to stop in the face of an audibly or visually identifiable police officer's signal to do so, beyond a reasonable doubt. *See Wise*, *supra*; *DiPanfilo*, *supra*; 75 Pa.C.S.A. § 3733(a).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2021

---

[23] *See supra*, at n.22.