J-S13021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE MACK | : | |
| | : | |
| Appellant | : | No. 1426 EDA 2022 |

Appeal from the Judgment of Sentence Entered May 5, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0009515-2019

BEFORE:   NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                      **FILED MAY 25, 2023**

George Mack (Appellant) appeals from the judgment of sentence imposed after the trial court convicted him of violating the Uniform Firearms Act (UFA) by unlawfully possessing a firearm, carrying a firearm without a license, and carrying a firearm without a license on Philadelphia public streets.[1]

The trial court stated the facts presented at trial as follows:

> Philadelphia Police Officer, Michael Diaz (Officer Diaz), testified at trial that he and his partner, Officer Robert Alvarez (Officer Alvarez), were on bike patrol on the evening of October 25, 2019.  Around 6:15 p.m., the officers traveled down the 2700 block of North Darien Street and saw Appellant standing on the west side of the street talking to two males.  (N.T. 2/22/22 at pgs. 9-11).

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6105, 6106, and 6108.

Appellant looked in the officers' direction but immediately turned away, as though "concealing something." As the officers continued riding, Appellant crossed to the east side of the street where a silver SUV was parked. No one else was on that side of the street. From around twenty (20) feet away, Officer Diaz observed Appellant "toss[] a black object underneath that SUV" and "heard a metallic sound." Suspecting that the object was a gun, Officer Diaz directed Officer Alvarez to stop Appellant, who by then "was walking northbound and kept looking back at [the officers]." Meanwhile, Officer Diaz looked beneath the SUV and observed a "black Sig Sauer .40 caliber" handgun, which was the only object under the vehicle. Officer Diaz recovered the gun, discovered it was loaded, and placed it on a property receipt. (*Id.* at 11-13, 23).

Appellant stipulated that the Commonwealth tested the gun and found it was operable, that the Commonwealth obtained a certificate of non-licensure stating that Appellant lacked a valid license to carry a firearm, and that Appellant was prohibited from possessing a firearm due to a prior conviction. (*Id.* at 24).

Appellant took the stand. He testified that he was arrested after an 11-hour workday, while walking to a nearby home for a card game that his mother arranged to celebrate his birthday. Appellant testified that he obeyed Officer Alvarez's directive to stop, after which the two males with whom he was speaking fled the area. Appellant testified that he conversed with Officer Alvarez for several minutes while Officer Diaz searched beneath multiple parked cars in the vicinity. Appellant testified that Officer Diaz eventually came "running down the block with a gun in his hand," prompting Appellant to grab Officer Alvarez and "put him in front of [Appellant]" as a shield. According to Appellant, Officer Diaz asked whether the gun belonged to him, and Appellant responded no. (*Id.* at 26-31).

Trial Court Opinion, 6/23/22, at 1-3 (footnotes omitted).

On February 22, 2022, the trial court convicted Appellant of the above UFA violations. On May 5, 2022, the trial court sentenced Appellant to an aggregate 3 — 6 years of incarceration. Appellant filed a post-sentence

motion seeking a new trial on May 7, 2022; the trial court denied the motion on May 9, 2022. Appellant timely filed a notice of appeal and court-ordered Pa.R.A.P. 1925(b) statement of matters complained of on appeal.

Appellant presents the following issue:

Was the testimony presented sufficient to sustain a conviction for 6105, 6106 and 6108 of The Uniform Firearms Act?

Appellant's Brief at 8.

When considering a sufficiency claim, we "determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offenses beyond a reasonable doubt." *See, e.g., Commonwealth v. Johnson*, 727 A.2d 1089, 1092 (Pa. 1999). It is well-settled that the Commonwealth may sustain its burden of proving every element of a crime beyond a reasonable doubt by means of wholly circumstantial evidence. *Commonwealth v. v. Wise*, 171 A.3d 784, 790 (Pa. Super. 2017). We have explained:

Our law is crystal clear that the trier of fact, in passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence presented. The Superior Court may not reweigh the evidence and substitute our judgment for that of the finder of fact. If the factfinder reasonably could have determined from the evidence adduced that all of the necessary elements of the crime were established, then that evidence will be deemed sufficient to support the verdict.

*Commonwealth v. Hopkins*, 747 A.2d 910, 913-14 (Pa. Super. 2000) (citations omitted).

With respect to Appellant's convictions of unlawfully possessing a firearm and carrying a firearm without a license,

> to convict a defendant for possession of a firearm by a prohibited person, the Commonwealth must prove the defendant was previously convicted of a specific offense enumerated in section 6105. *Commonwealth v. Jemison*, 626 Pa. 489, 98 A.3d 1254, 1261 (2014). In order to convict a defendant for carrying a firearm without a license [pursuant to section 6106], the Commonwealth must prove: that the weapon was a firearm; that the firearm was unlicensed; and that where the firearm was concealed on or about the person, it was outside his home or place of business. *Commonwealth v. Parker*, 847 A.2d 745, 750 (Pa. Super. 2004).

*Commonwealth v. Hewlett*, 189 A.3d 1004, 1009 (Pa. Super. 2018)

As to Appellant's third conviction for carrying a firearm on public streets in Philadelphia:

> No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:
>
> (1)   Such person is licensed to carry a firearm; or
>
> (2)   Such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

18 Pa.C.S.A. § 6108. An individual commits an offense under section 6108 if he carries a firearm at any time on the public streets of Philadelphia without a license. *Id.*

Instantly, Appellant claims the evidence was insufficient, as to all three convictions, to support the trial court's finding that he possessed a firearm.

- 4 -

Appellant states, "because the firearm was not found on [A]ppellant's person, the Commonwealth was required to prove [A]ppellant constructively possessed the firearm." Appellant's Brief at 12. Appellant argues:

> [A police officer s]eeing [Appellant] throw a black object and hearing a metallic sound is not sufficient evidence to establish that [Appellant] possessed the firearm. No DNA, no fingerprints or other objective evidence linked [Appellant] to the firearm. The testimony regarding any observations is inadequate when considering that it conflicts itself [*sic*]. The evidence is weakened by the fact the other officer did not see a black object or hear a metallic sound. The officer was close enough to hear "a metallic sound" yet not able to clearly observe a firearm.

*Id.* at 10.

Appellant claims "the Commonwealth['s] case is a single bald observation in no way corroborated by [another] officer or video." *Id.* at 13. Appellant seeks reversal of his convictions because "the paucity of evidence … is remarkable for its weakness and inconclusiveness." *Id.* at 12.

> Conversely, the Commonwealth states:

> [Appellant] argues that there was insufficient evidence to establish his unlawful possession of a firearm because, in his opinion, the court should not have credited the testimony of the Commonwealth's witnesses (Appellant's Brief, 10). This undeveloped argument ignores the standard of review and instead improperly asks this [C]ourt to evaluate his evidence with all inferences in favor of himself, rather than the verdict winner. The verdicts were supported by ample evidence and the judgments should be affirmed.

Commonwealth Brief at 5.

Upon review, we agree with the Commonwealth. Evidence "will be deemed sufficient" if "the factfinder reasonably could have determined from

- 5 -

the evidence adduced that all of the necessary elements of the crime were established." *Hopkins*, *supra*. Notably, Appellant stipulated that he was prohibited from possessing a firearm due to a prior conviction; he also stipulated to the Commonwealth's certificate of nonlicensure stating Appellant lacked a license to carry a firearm, and stipulated to the Commonwealth testing the gun and finding it to be operable. *See* N.T., 2/22/22, at 24.

The trial court explained:

Officer Diaz testified that he and Officer Alvarez were on bike patrol on the 2700 block of Darien Street, where he observed Appellant standing with two other males. Appellant looked in Officer Diaz's direction but then turned away, as though "concealing something." Appellant thereafter crossed the street to where a silver SUV was parked. Nobody else was on that side of the street. From around twenty (20) feet away, Officer Diaz observed Appellant throw a black object beneath the SUV. He simultaneously heard a metallic sound and believed Appellant had just discarded a gun. Officer Diaz therefore directed Officer Alvarez to stop Appellant, who then "was walking northbound and kept looking back at [the officers]." Officer Diaz meanwhile looked beneath the SUV and observed a "black Sig Sauer .40 caliber" handgun, which was the only object under the vehicle. Officer Diaz recovered the gun, discovered it was loaded, and placed it on a property receipt. (N.T. 2/22/22 at 11-13, 23).

Trial Court Opinion, 6/23/22, at 4.

The trial court "deemed [Officer Diaz] credible," and concluded the officer's testimony "amply established that Appellant possessed a firearm in violation of 18 Pa. C.S. § 6105(a), and he carried a firearm in violation of 18 Pa. C.S. §§ 6106 and 6108." *Id.* at 5. As the record supports the trial court's findings, Appellant's sufficiency issue does not merit relief.

Judgment of sentence affirmed.

P.J.E. Stevens joins the memorandum.

Judge Nichols concurs in the result.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 5/25/2023*