J-A20029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                   :          PENNSYLVANIA
                                   :

           v.                          :

NOEL ANTIONIO LOPEZ SANTIAGO   :

          Appellant         :      No. 1590 MDA 2018

Appeal from the Judgment of Sentence Entered August 9, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0005957-2017

BEFORE:  GANTMAN, P.J.E., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:        **FILED DECEMBER 06, 2019**

Noel Antionio Lopez Santiago appeals from judgment of sentence entered after a jury convicted him of fleeing or attempting to elude police.[1] He challenges the weight and sufficiency of the evidence, as well as the discretionary aspects of his sentence. We affirm.

The relevant evidence from trial is as follows. Officer Richard Schreiner testified that Lopez Santiago's vehicle passed him playing loud music that the officer described as "deafening." N.T., Trial, 8/1/18, at 55, 58-59. Officer Schreiner activated his lights and sirens and testified that he intended "[t]o stop the vehicle and ID occupant and possibly inquire why he was blasting music so loud." *Id.* at 59. During Officer Schreiner's pursuit, Lopez Santiago "motioned out the window and he looked at me and said, like, I'm going to

---

[1] 75 Pa.C.S.A. § 3733(a).

pull over (indicating)." *Id.* at 60. However, instead of pulling over, Lopez Santiago "gunned it down there easily going well past the speed limit, 25 [m.p.h.] residential community, at least when I look, probably 40 to 50 mile[s] an hour, easy." *Id.* at 61. He also failed to stop at a stop sign. *Id.* at 62. When he finally stopped his vehicle, he parked in front of his house. *Id.* at 75. Officer Schreiner continued pursuing Lopez Santiago and pulled in behind him when he finally stopped. Officer Schreiner's lights and sirens were activated during the entire chase. *Id.* at 81.

Officer Schreiner charged Lopez Santiago with fleeing or attempting to elude an officer, and a jury found him guilty. The trial court sentenced him to one to two years' incarceration. He filed a post-sentence motion, which the trial court denied. This timely appeal followed.

Lopez Santiago raises the following issues on appeal:

A. Whether the verdict of guilty to Cou[n]t 1, Fleeing or Attempting to Elude Police Officer (M2), 75 Pa.C.S.A. § 3733(a), was in error as the evidence presented at trial was insufficient to prove beyond a reasonable doubt that [Lopez Santiago] willfully failed or refused to bring his vehicle to a stop, but in fact stopped his vehicle in front of his house?

B. Whether the verdict of guilty to count 1, Fleeing or Attempting to Elude Police (M2), 75 Pa.C.S.A. § 3733(a), was in error and against the weight of the evidence. Specifically, [Lopez Santiago] signaled to police his direction of travel, pulled his vehicle over when he reached his home, and drove for less than a few minutes after being given visual or audible signals to bring his vehicle to a stop?

C. Whether the trial court erred and abused its discretion in sentencing [Lopez Santiago] to a term of incarceration of

- 2 -

> 1 to 2 years when it relied on impermissible factors to sentence [Lopez Santiago] in the aggravated range?

Lopez Santiago's Br. at 9 (unnecessary capitalization omitted).

## A. Sufficiency of the Evidence

Our standard of review for a sufficiency claim is *de novo* and "our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as verdict winner." **Commonwealth v. Rushing**, 99 A.3d 416, 420-21 (Pa. 2014). The fact-finder may resolve any doubts regarding the defendant's guilt "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Commonwealth v. Moreno**, 14 A.3d 133, 136 (Pa.Super. 2011) (citing **Commonwealth v. DiStefano**, 782 A.2d 574, 582 (Pa.Super. 2001)).

In order to obtain a conviction for fleeing an officer, the Commonwealth must prove that upon a visual or audible signal to stop by a police officer, the driver willfully failed or refused to stop, fled, or attempted to elude the pursuing officer. **See Commonwealth v. Wise**, 171 A.3d 784, 790 (Pa.Super. 2017); **see also** 75 Pa.C.S.A. § 3733(a). "[T]he 'statute is clear and unambiguous on its face as to the elements necessary to trigger its violation: an operator's 'willful' failure to bring his/her vehicle to a stop in the face of an audibly or visually identifiable police officer's signal to do so.'" **Wise,**

171 A.3d at 790 (quoting **Commonwealth v. Scattone**, 672 A.2d 345, 347 (Pa.Super. 1996)).

Although there is a statutory defense for a good faith failure to stop out of concern about the safety of stopping in a given location, Lopez Santiago does not argue that here.

Lopez Santiago maintains that the evidence was insufficient to sustain a conviction for fleeing because "the Commonwealth did not prove, beyond a reasonable doubt, that [Lopez Santiago] 'willfully' failed or refused to bring his vehicle to a stop or otherwise fled or attempted to elude a pursuing police officer." Lopez Santiago's Br. at 28. He points out it was uncontested that he motioned out the window to the officer, and according to his testimony, he meant to signal the officer to follow him. Despite not pulling over immediately, he maintains that he intended to cooperate with the police, which he says is bolstered by the fact that he was arrested without incident once another officer arrived on the scene. **Id.** at 28.

Here, the trial court concluded that it was undisputed that Lopez Santiago, even though he was aware of the police vehicle's lights and sirens, did not promptly bring his vehicle to a stop and after numerous opportunities to stop, did not stop. Trial Court Opinion ("TCO"), filed 10/12/18, at 4. We agree.

Viewing the evidence in the light most favorable to the Commonwealth, it was sufficient to prove that Lopez Santiago acted willfully. Officer Schreiner signaled for Lopez Santiago to stop with his vehicle's lights and sirens. Lopez

Santiago did not stop and instead continued driving to his house before stopping his vehicle. *See Wise*, 171 A.3d at 791 (holding that where a police officer gave a visual and audible signal to defendant to pull over and defendant continued to drive, the evidence was sufficient for fleeing or attempting to elude). Lopez Santiago's contentions go to the weight, and not the sufficiency of the evidence.

### B. Weight of the Evidence

Our standard of review for challenges to the weight of the evidence is well settled:

> As an appellate court, we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience.

*Commonwealth v. Cruz*, 919 A.2d 279, 282 (Pa.Super. 2007) (quotation marks and internal citations omitted). Further, when the trial court, as here, has ruled on the weight of the evidence claim, "an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim." *Id.* (quoting *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003)).

Lopez Santiago maintains that the trial court did not consider the reasons why he did not immediately stop when signaled to do so. Lopez Santiago's Br. at 33. He contends that he was concerned that police would arrest him and tow his car, and that he wanted to pull over near his house because he was afraid of what the police might do to him. *Id.* at 32. Lastly, he claims that the trial court did not take into consideration the fact that once another officer arrived on the scene, his demeanor changed and he was arrested without further incident.

In reviewing the trial court's denial of Lopez Santiago's weight claim, we discern no abuse of discretion. Lopez Santiago testified that he saw Officer Schreiner's signal commanding him to pull his vehicle over. Lopez Santiago testified why he failed to stop and the court instructed the jury on the defense of fleeing. However, the jury was free to believe all, part or none of Lopez Santiago's testimony and here it did not believe his testimony. We cannot say that the trial court abused its discretion in denying Lopez Santiago's claim.

### C. Discretionary Aspects of the Sentence

Lastly, Lopez Santiago challenges the discretionary aspects of his sentence. He claims that the trial court abused its discretion by considering impermissible factors. Lopez Santiago's Br. at 36.

Challenges to the discretionary aspects of a sentence do not entitle an appellant to review as of right. **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa.Super. 2010) (citing **Commonwealth v. Sierra**, 752 A.2d 910, 912

(Pa.Super. 2000)). Thus, before we may address the merits of such a challenge, we must first determine:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903;
>
> (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720];
>
> (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and
>
> (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id.** (quoting **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006)).

Lopez Santiago has complied with the first three requirements. We now determine whether he has raised a substantial question.

Lopez Santiago maintains that the sentencing court considered impermissible factors, which raises a substantial question. **Commonwealth v. Simpson**, 829 A.2d 334, 338 (Pa.Super. 2003) (citing **Commonwealth v. McNabb**, 819 A.2d 54, 56 (Pa.Super. 2003)). As such, we address the merits of his claim.

"[T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion." **Moury**, 992 A.2d at 169 (quoting **Commonwealth v. Walls**, 926 A.2d 957, 961 (Pa. 2007)). "[A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record

discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." ***Moury***, 992 A.2d at 169-70 (quoting ***Walls***, 926 A.2d at 961). A sentencing court must consider the gravity of the offense, the protection of the public, the rehabilitative needs of the defendant, and the sentencing guidelines. ***See Commonwealth v. Feucht***, 955 A.2d 377, 383 (Pa.Super. 2008); 42 Pa.C.S.A. § 9721(b). Additionally, when the sentencing court had the benefit of a presentence investigation report ("PSI"), we presume that the court was aware of all relevant information regarding the defendant's character and weighed those considerations along with mitigating factors. ***Moury***, 992 A.2d at 171.

Lopez Santiago claims that the trial court considered impermissible factors of speed, danger, and the "mendacity" of his testimony. Lopez Santiago's Br. at 23. Regarding his "mendacity," he refers to the trial court's comments during sentencing:

> The other factor that the [c]ourt considers is the defendant took the witness stand on his own behalf, which, of course, is his right. But the tale that he told was incredible and was, in fact, rejected by the jury. The defendant's mendacity is a factor that the court can take into account. And given his lengthy record, both criminal and driving, the [c]ourt is taking it into account.

N.T., Sentencing, 8/9/18, at 6.

Relying on false testimony for sentencing purposes can only be justified if certain requisites are satisfied. ***Commonwealth v. Thurmond***, 407 A.2d

1357, 1359 (Pa.Super. 1979). This Court set forth those requisites in *Thurmond*, which we summarize as follows:

(1) the misstatement must be willful;

(2) the misstatement must be material;

(3) the finder of fact must have determined, beyond a reasonable doubt, that the testimony was willfully false;

(4) the verdict of guilt must be supported by sufficient credible evidence;

(5) the sentencing court, if not acting as the trier of fact, must observe the allegedly false testimony so as to determine whether the defendant's testimony demonstrated a character not likely susceptible to rehabilitation; and

(6) the sentencing court may consider the defendant's lying only as one fact among many bearing on sentencing.

*See id.* at 1359-60.

The Commonwealth argues that Lopez Santiago's testimony was false and material because he testified that he motioned to Officer Schreiner to follow him home and drove in that direction within the speed limit, but the jury found that Lopez Santiago willfully failed or refused to bring his vehicle to a stop, or otherwise fled or attempted to elude Officer Schreiner. Commonwealth's Br. at 14. The Commonwealth claims that this renders Lopez Santiago's testimony false and material because "simply requesting the officer to follow him to his home would not have satisfied the elements of this offense." *Id.*

Here, there is no indication that the jury found beyond a reasonable doubt that Lopez Santiago's testimony was willfully false. The verdict does not

necessarily establish that he lied during his testimony because, as both the Commonwealth and the sentencing court stated, even if his testimony was completely true, he still could have been found guilty.[2]

Nonetheless, "[e]ven if a sentencing court relies on a factor that should not have been considered, there is no abuse of discretion when the sentencing court has significant other support for its departure from the sentencing guidelines." *Commonwealth v. Sheller*, 961 A.2d 187, 192 (Pa.Super. 2008). When justifying imposing the sentence in the aggravated range, the court not only considered the alleged mendacity, but also considered the nature of Lopez Santiago's conduct and his lengthy criminal record. The sentencing court also had the benefit of the PSI. Moreover, the court provided an explanation of its reasoning for imposing an aggravated sentence, citing factors other than Lopez Santiago's alleged mendacity:

> I have reviewed the PSI. I've also taken into account, of course, the testimony that I heard during the trial of the case, part of which was the certified record from the Department of Transportation, which is an impressive multi-page document. I believe that [Lopez Santiago] - - at the time of this offense, [Lopez Santiago] was already suspended through April 15 of 2026. I've taken into account

---

[2] **See** N.T., Trial, at 137 (Commonwealth in closing argument stating, "Even if you believe him, even if you believe every single word that came out of Noel Santiago's mouth, you still have to find him guilty based on the jury instruction"); **see also** TCO at 6 ("[E]ven if the jury believed that [Lopez Santiago] signaled the police his direction of his travel and pulled over when he reached his home, it does not change the fact that [Lopez Santiago] did not promptly bring his vehicle to a stop when he was aware of the patrol car with lights and sirens activated behind him").

as part of that - - I've also taken into account the sentencing guidelines. And under ordinary circumstances, offenses of this nature merit - - if they merit a sentence of incarceration - - merit a county sentence.

There are interesting additional factors in this case. First of all, was the nature of [Lopez Santiago's] attempts to elude and the speed at which he drove through crowded neighborhood streets. Fortunately, there apparently was little or no activity on the street, even though it was around noon. But there is certainly the existence of danger to the local residents when this all occurred.

\*\*\*

I also note from the PSI that between the year 2000 and the year 2013, [Lopez Santiago] was sentenced to sentences in the county jail every one of those years, and in some of those years he was sentenced to more than one sentence to the county jail. Those sentences ranged anywhere from a month or two up to 11 and a half months. And obviously they have had no effect on [Lopez Santiago], and they've utterly failed to get [Lopez Santiago] to mend his ways and become law-abiding.

N.T., Sentencing, at 5-7. Thus, the court's reliance on mendacity was not prejudicial to Lopez Santiago and the sentence was not an abuse of discretion.

Lopez Santiago also claims "the trial court specifically decided that [Lopez Santiago's] fleeing and eluding offense constituted the lower grading of a misdemeanor of the second degree and, therefore, determined that the factors of speed and danger did not exist." Lopez Santiago's Br. at 35-36 (citing N.T., Sentencing, at 3). In support of this claim, he references a portion of the sentencing hearing which is provided below:

[Defense Counsel]: Yes, Your Honor. Before I do that, I just want to clarify things. Originally Count 1 was graded as a felony of the third degree. There was some discussion

> pretrial whether that would remain. I don't think we had a final answer on that.
>
> The Court: I thought we did. It's clear to the Court to the criteria that would be – had to be present for the gradation as a felony of the third degree were not present in the case, and the case, therefore, constitutes a misdemeanor of the second degree.

N.T., Sentencing, at 3. He maintains that "by considering the factors of speed and danger for a misdemeanor of the second degree, when those factors are statutorily reserved for a felony of the third degree, the trial court overstated the severity of [Lopez Santiago]'s offense." Lopez Santiago's Br. at 36. This claim warrants no relief.

While the court determined that the proper grading of the fleeing offense was that of a misdemeanor of the second degree, the court was free to consider the factors of speed and danger in fashioning Lopez Santiago's sentence. *See Commonwealth v. Perry*, 32 A.3d 232, 242 (Pa. 2011) ("Factors that are not specific elements of the offense may be considered by the sentencing court in imposing its sentence"). Here, the trial court stated that it was merely considering the danger that Lopez Santiago posed to the local residents by driving through residential streets at such a speed, which relates to the gravity of the offense, a requirement of section 9721(b). TCO at 7; 42 Pa.C.S.A. § 9721(b) ("sentence imposed should call for confinement that is consistent with the protection of the public [and] the gravity of the offense as it relates to the impact on the life of the victim and on the community"). We glean no error from the court considering the speed and

- 12 -

danger that Lopez Santiago posed, as the court acted within its discretion by considering these factors in fashioning Lopez Santiago's sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/06/2019